**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-368**

| | |
|---|---|
| IN RE: )<br>J.A. JONES, INC., et al., )<br>)<br>      Debtors. )<br>)<br>_____ )<br>)<br>THE LIQUIDATION COMMITTEE, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MARVIN L. FOWLER, )<br>      Defendant. )<br>_____ ) | **PRETRIAL ORDER** |

IN ACCORDANCE WITH the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order in this matter.

### I. TRIAL

**A.** **TRIAL DATE**. Trial with a jury is scheduled for **November 24, 2008**. The parties estimate that the total time needed for trial will be approximately **1 to 2 days.**

**B.** **TRIAL SUBPOENAS**: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the trial date. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

**C**. **PRETRIAL CONFERENCE**: A pretrial conference is scheduled for **November 17, 2008** at **2:00 p.m.**

**D.     COUNSEL'S DUTIES PRIOR TO TRIAL**:  At least two full weeks before the trial date, counsel for all parties shall:

   (a) Discuss the possibility of a settlement;

   (b) Exchange copies of exhibits or permit inspection if copying is impractical;

   (c) Number and become acquainted with all exhibits; and

   (d) Agree upon the issues, reduce them to writing, and file them with the Court.  If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court.

   (e) Agree upon stipulations of fact and file them with the Court.  The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**E.     COUNSEL'S FILINGS ONE WEEK BEFORE TRIAL**:  At least one full week before the trial date, counsel for each party shall file with the Clerk of Court each of the following:

   (a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

   (b) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

   (c) Proposed jury instructions, as described below; and

   (d) Requested questions for voir dire.

**F.     PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions no later than one week before the trial date. Additional instructions may be submitted during the trial as circumstances may require.

Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation may not be considered.

**G.** **JURY VOIR DIRE**: The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire. Counsel will be given an opportunity to submit additional voir dire for the Court's consideration based on the responses of the potential jurors.

**H.** **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d) An exhibit list.

**I.** **EXHIBITS**: Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the courtroom deputy. <u>See</u> "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.

Counsel shall prepare four (4) identical exhibit notebooks, or sets of exhibit notebooks for the use of Court personnel during trial. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

J. **FORMAT FOR EXHIBIT LIST**: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

| Exhibit # | Description | Identified by | Admitted |
| --- | --- | --- | --- |

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

K. **ASSESSMENT OF JURY COSTS**: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## II.  SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

Signed: October 23, 2008

Robert J. Conrad, Jr.
Chief United States District Judge